FILED
MAY 17 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

DANIEL L. BROWN, §
 §
*Plaintiff,* §
 §
v. § Civil No. SA-20-CV-00171-OLG
 §
LAKEVIEW LOAN SERVICING, LLC, §
 §
*Defendant.* §

## ORDER

On this date, the Court considered the Amended Motion for Summary Judgment filed by Defendant Lakeview Loan Servicing, LLC ("Defendant") (docket no. 14) (the "Motion"). Having considered the Motion and the complete record, the Court finds that the Motion should be granted.

## BACKGROUND

The case involves a dispute regarding Defendant Lakeview Loan Servicing, LLC's intended foreclosure on a property located at 330 Genesco Road, San Antonio, TX 78209, and more particularly described as:

> LOT 102, C.B. 5644A, BURR SUBDIVISION, IN THE CITY OF TERRELL HILLS, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 9556, PAGE 178, OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS (the "Property").

The summary judgment record indicates that Plaintiff Daniel L. Brown ("Plaintiff") is the obligor of a Home Equity Note and mortgagor of the Deed of Trust. On June 1, 2015, Plaintiff and Jo Ann Centeno ("Decedent", and collectively with Brown, the "Borrowers") executed a Texas Home Equity Note in the amount of $350,000.00 made payable to Prospect Mortgage, LLC. *See* docket no. 14-2 (the "Note"). Pursuant to the Note, Borrowers were obligated to make payments beginning August 1, 2015 and continuing each month thereafter until the Note matures on July 1,

2045. *Id.* The Note provided the lender with a right of acceleration in the event Plaintiff defaulted. *See id.* In conjunction with the Note, Plaintiff and Decedent executed a Deed of Trust granting a security interest in the Property to secure repayment of the Note. *See* docket no. 14-3 (the "Deed of Trust", and collectively with the Note, the "Loan Agreement"). The Deed of Trust authorized the mortgagee to accelerate the maturity date of the Note and to foreclose on the Property should Borrowers default. *See id.* On March 16, 2017, the original lender transferred its interest in the Loan Agreement to Defendant via assignment, and as a result, Defendant is the beneficiary under the Deed of Trust and the holder of the Note. *See* docket nos. 14-1 & 14-4.

The record evidence shows that the Borrowers missed their June 1, 2017 payment and all subsequent payments due under the Note. The Borrowers were sent written notice of default on December 7, 2017 via United States Postal Service Certified Mail. *See* docket no. 14-5. The Borrowers were informed in the notice that the sums secured by the Deed of Trust would be accelerated if Borrowers failed to cure the default on or before January 11, 2018. *See id.* The Borrowers failed to cure their default and given Borrowers' failure to cure, on September 7, 2018, Defendant filed suit seeking a foreclosure order in the District Court of Bexar County, Texas. *See* docket no. 14-9. Defendant obtained a May 2, 2019 Home Equity Foreclosure Order in the 166th District Court of Bexar County, Texas. *See* docket no. 14-10. On January 10, 2020, Defendant sent Notice of [Substitute] Trustee Sale to Borrowers via certified mail, notifying Borrowers of the foreclosure sale on the Property scheduled February 4, 2020. *See* docket no. 14-8.[1]

---

[1] Defendant previously sent a Notice of [Substitute] Trustee Sale to Plaintiff on September 25, 2019 which provided that the foreclosure sale on the Property would occur on November 5, 2019. *See* docket no. 14-7. However, that sale did not proceed due to bankruptcy proceedings that Plaintiff had filed in the United States Bankruptcy Court for the Western District of Texas. Those bankruptcy proceedings were dismissed for failure to file information. *See* docket no. 14-11; docket no. 14-14.

On February 3, 2020, Plaintiff filed the instant action in state court and obtained a Temporary Restraining Order preventing the scheduled foreclosure sale from going forward. *See* docket no. 1-1. Plaintiff's complaint asserts a claim for breach of contract against Defendant. *See* docket no. 1-1. On February 12, 2020, Defendant removed the case to this Court. *See* docket no. 1. On February 24, 2020, Defendant filed counterclaims against Plaintiff for breach of contract and judicial foreclosure, through which Defendant seeks a judgment for judicial foreclosure, as well as damages, costs and fees that it wishes to satisfy with the proceeds from a foreclosure sale. *See* docket no. 5.

On September 15, 2020, Defendant filed a Motion for Summary Judgment seeking summary judgment on both Plaintiff's claims and Defendant's counterclaims. *See* docket no. 10. Plaintiff did not respond to the motion. However, during the Court's review of Defendant's first summary judgment motion, Court noticed inconsistencies between the details provided in the summary judgment brief and the materials attached as part of the summary judgment record. Accordingly, the Court issued an order denying Defendant's first motion for summary judgment without prejudice and re-opened the dispositive motion deadline to provide both parties with an opportunity to file dispositive motions that attached the correct evidentiary materials. *See* docket no. 13. On March 30, 2021, Defendant filed the instant Amended Motion for Summary Judgment, in which Defendant cured the inconsistencies identified in the Court's prior order. *See* docket no. 14. Plaintiff has not responded to Defendant's Amended Motion for Summary Judgment by his deadline to do so, nor has Plaintiff filed his own dispositive motion.

## LEGAL STANDARD

Summary judgment is appropriate as to a claim or part of a claim if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (quoting Fed. R. Civ. P. 56(c)). A dispute about a material fact is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

At the summary judgment stage, the movant bears the burden of identifying those portions of the record it believes demonstrate the "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna,* 401 F.3d 347, 349 (5th Cir. 2005). However, the movant need not negate the elements of the nonmovant's case. *See Boudreaux v. Swift Transp. Co.,* 402 F.3d 536, 540 (5th Cir. 2005). The moving party may meet its burden "by pointing out 'the absence of evidence supporting the nonmoving party's case.'" *Duffy v. Leading Edge Products, Inc.*, 44 F.3d 308, 312 (5th Cir. 1995) (quoting *Skotak v. Tenneco Resins, Inc.,* 953 F.2d 909, 913 (5th Cir. 1992)). "Once a movant makes a properly supported motion, the burden shifts to the nonmovant to show that summary judgment should not be granted." *S&W Enterprises, L.L.C. v. South Trust Bank of Alabama*, 315 F.3d 533, 537 (5th Cir. 2003) (citing *Celotex*, 477 U.S. at 321-25). "The nonmovant may not rest upon allegations in the pleadings or complaint, but must utilize summary judgment facts demonstrating the existence of a genuine issue for trial." *Id.* (citing *Anderson*, 477 U.S. at 255-57). In the absence of any proof, the court will not assume that the nonmovant could or would prove the necessary facts. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (citing *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888 (1990)).

## DISCUSSION

I. **Plaintiff's Breach of Contract Claim**

In order to prevail on his claim for breach of contract, Plaintiff must prove (i) the existence of a valid contract, (ii) performance or tendered performance by Plaintiff, (iii) breach of the contract by Defendant, and (iv) damages sustained as a result of the breach. *Winchek v. American Express Travel Related Servs. Co.*, 232 S.W.3d 197, 202 (Tex. App.—Houston [1st Dist.] 2007, no pet.).

In this case, the record makes clear that Plaintiff violated the terms of the Note and Deed of Trust by defaulting on his payments (and by failing to "cure" when provided the opportunity), and as a result, Defendant elected to pursue its right to accelerate the amount owed and its right to proceed with a sale of the Property. Thus, as an initial matter, the record indicates that Plaintiff will not be able to show that he performed all of his obligations under the Note and Deed of Trust necessary to succeed on his breach of contract claim. *See Hill v. Wells Fargo Bank, N.A.*, Civil Action No. V-12-11, 2012 WL 2065377, *6 (S.D. Tex. June 6, 2012) ("Because [plaintiff] admits that she failed to perform her own obligations under the Note and Deed of Trust, she is precluded from bringing a breach of contract action for [the lender's] subsequent alleged failure to comply with [its obligations].").

Notwithstanding Plaintiff's own non-performance, Plaintiff's Complaint alleges that Defendant has breached the contract by "1) refusing to allow Plaintiff an opportunity to pay off the claimed lien upon property, 2) falsely executing and collecting upon a Deed of Trust without confirmation of the debt in dispute, and 3) by failing to properly serve notice upon the estate of Jo Ann Centeno." *See* docket no. 1-1 p. 4. *Even assuming* that Plaintiff had himself tendered performance under the agreements—an assumption that Plaintiff's own allegations essentially

preclude—none of Plaintiff's other alleged assertions are supported such that they would provide a basis for denying Defendant's request for summary judgment. For one, Plaintiff has failed to respond to Defendant's motion or provide *any* summary judgment evidence supporting its alleged theories of breach contract. Moreover, the Court's own review of the record demonstrates that Defendant properly served notice of default (and intent to accelerate) and notice of foreclosure sale by certified mail *on Plaintiff*—as required under Texas law—and in doing so, provided Plaintiff an opportunity to cure his default. *See, e.g.*, docket nos. 14-5 & 14-8.[2]

In sum, Defendant has filed a fully-supported motion explaining its entitlement to summary judgment on Plaintiff's claim for breach of contract, and Plaintiff has not satisfied his burden of demonstrating that a genuine issue of material fact exists with respect to the claim. Accordingly, summary judgment will be granted in Defendant's favor with respect to Plaintiff's claim for breach of contract.

## II. Defendant's Counterclaims

### A. Defendant's Breach of Contract Claim

The same summary judgment evidence—and/or lack thereof—that supports awarding summary judgment on Plaintiff's claim for breach of contract also supports awarding Defendant summary judgment on its own claim for breach of contract. Indeed, the evidentiary record and

---

[2] The Court notes that the record does not contain any document titled "Notice of Acceleration." However, Texas courts have held that a notice of a trustee's sale may serve as a notice of acceleration if it "is preceded by the required notice of intent to accelerate." *Karam v. Brown*, 407 S.W.3d 464, 470 (Tex. App.—El Paso 2013, no pet.); *see also Meadowbrook Gardens, Ltd. v. WMFMT Real Estate Ltd. P'ship*, 980 S.W.2d 916, 919 (Tex. App.—Fort Worth 1998, pet. denied) (holding that notice of intent to accelerate coupled with notice of foreclosure sale amounted to notice of acceleration); *McLemore v. Pacific Sw. Bank, FSB*, 872 S.W.2d 286, 292–93 (Tex. App.—Texarkana 1994, writ dism'd) (holding that notice of intent to accelerate followed by notice of trustee's sale constitutes notice of acceleration). In this case, that standard has been satisfied by the notices provided to Plaintiff by Defendant.

Plaintiff's own allegations indicate that Plaintiff and Defendant's predecessor in interest entered into the binding Note and Deed of Trust and that Defendant is the successor in interest to an Assignment of Deed of Trust. *See* docket nos. 14-1 & 14-4. Through those agreements, Defendant is the holder of the Note and the assignee of the rights—including the right to acceleration and the right to foreclosure on the Property—under the Deed of Trust. *See id.* Moreover, the Deed of Trust conveys the Property in trust as collateral to secure payment and performance of Plaintiff's obligations under the Loan Agreements, including Plaintiff's obligation to pay the loan amounts owed under the Note.

The record indicates that Defendant performed each of its obligations under the Loan Agreement, and that the Borrowers—including Plaintiff—breached the terms of the Loan Agreement by failing to tender loan payments when they became due. Finally, the record demonstrates that because Defendant has thus far been unable to proceed with its foreclosure remedies under the Loan Agreement, at this stage, Defendant has suffered damages in the unpaid amount owed under the Note.

Accordingly, the record demonstrates that Defendant is entitled to judgment as a matter of law on its claim for breach of contract, and accordingly, summary judgment will be entered into Defendant's favor with respect to that claim.

### B. Defendant's Judicial Foreclosure Claim

In the alternative to the remedy Defendant has twice sought through non-judicial foreclosure sales, Defendant seeks judgment for judicial foreclosure. The Texas Constitution requires a party to secure a court order to foreclose on a lien created by a home equity loan. Tex. Const. Art. XVI, § 50(a)(6)(D); *Patton v. Porterfield*, 411 S.W.3d 147, 157-159 (Tex. App.—Dallas 2013, pet. denied); Tex. R. Civ. P. 735. Upon default by the borrower under the terms of a

loan agreement, the beneficiary of a home-equity deed of trust may pursue either a non-judicial foreclosure or judicial foreclosure if the lending documents provide for a choice of remedies. *See Steptoe v. JPMorgan Chase Bank, N.A.*, 464 S.W.3d 429, 432-33 (Tex. App.—Houston [1st Dist.] 2015, no pet.).

In this case, Defendant has so far been unable to proceed with its scheduled non-judicial foreclosure sales on the Property, and thus, Defendant seeks judgment for judicial foreclosure due to Plaintiff's breach under the Loan Agreement. To foreclose under a security instrument in Texas with a power of sale, the lender must demonstrate that: (1) a debt exists; (2) the debt is secured by a lien created under Art. XVI, §50(a)(6) of the Texas Constitution; (3) plaintiff is in default under the note and security instrument; and (4) plaintiff has been properly served notice of default and acceleration. *See* Tex. Prop. Code §51.002; *Christiana Trust v. Jacob*, No. 7:15-cv-033-DAE, 2016 WL 4468274, at *2 (W.D. Tex. Aug. 23, 2016).

For many of the same reasons Defendant is entitled to summary judgment on the other claims in this case, Defendant is also entitled to summary judgment on its claim for judicial foreclosure. As noted above, the summary judgment evidence conclusively establishes that: (1) Plaintiff owes a debt under the Note and Deed of Trust that Plaintiff executed (*see* docket nos. 14-1, 14-2 & 14-3); (2) the debt is secured by a lien created under Art. XVI, § 50(a)(6) of the Texas Constitution (*see* docket no. 14-3);[3] (3) Plaintiff is in default under the Note and Deed of Trust (*see* docket nos. 14-1, 14-2, 14-3 & 14-5); and (4) Plaintiff has been properly served with notice of default and notice of acceleration (*see* docket nos. 14-5 & 14-8). Accordingly, the record

---

[3] The Deed of Trust specifically sets out in bold at the top of the document, "This security instrument secures an extension of credit as defined by Section 50(a)(6), Article XVI of the Texas Constitution." Section 50(a)(6) sets forth the circumstances in which a homestead may be sold for the payment of debts related to an extension of credit. *See id.*

8

demonstrates that each of the requisite elements of a judicial foreclosure claim are satisfied, and thus, that Defendant is entitled to a judgment for judicial foreclosure.

With respect to the amount that Defendant is entitled to recover following the foreclosure sale, the record demonstrates that Defendant is entitled to use the proceeds of the foreclosure sale to recover the following amounts from Plaintiff: (1) the amount due under the Note, with interest continue to accrue; (2) post-judgment interest accruing on the balance until the Property is sold at foreclosure sale under Tex. R. Civ. P. 309; (3) attorneys fees' as provided by the Loan Agreement; (4) court costs as determined by the Clerk of the Court; and (5) any fees and costs owed to the Sheriff or Constable's office that conducts a foreclosure sale under Tex. R. Civ. P. 309. Pursuant to Tex. R. Civ. P. 309, the proceeds of the foreclosure sale shall be used to satisfy the above amounts owed to Defendant.

## CONCLUSION AND ORDER

For the reasons set forth above, Defendant Lakeview Loan Servicing, LLC's Amended Motion for Summary Judgment (docket no. 14) is **GRANTED**.

It is hereby **ORDERED, ADJUDGED, AND DECREED** that Defendant is entitled to summary judgment on Plaintiff's claims for relief, and Plaintiff shall take nothing on his claims.

It is further **ORDERED, ADJUDGED, AND DECREED** that Defendant is entitled to summary judgment on its claims against Plaintiff, including Defendant's claim for breach of contract and claim for judicial foreclosure.

Accordingly, it is hereby **ORDERED, ADJUDGED, AND DECREED** that certain Deed of Trust (docket no. 14-3) dated June 1, 2015, signed by Plaintiff Daniel L. Brown and Jo Ann Centeno, provides Defendant, as the mortgagee of the Deed of Trust, in the event of a default on

the obligations on the Note (docket no. 14-2), with a lien security interest on the Property located at 330 Genesco Road, San Antonio, TX 78209, and more particularly described as:

> LOT 102, C.B. 5644A, BURR SUBDIVISION, IN THE CITY OF TERRELL HILLS, BEXAR COUNTY, TEXAS, ACCORDING TO THE MAP OR PLAT THEREOF RECORDED IN VOLUME 9556, PAGE 178, OF THE DEED AND PLAT RECORDS OF BEXAR COUNTY, TEXAS.

It is further **ORDERED, ADJUDGED, AND DECREED** that the following are secured by the Deed of Trust on the Property: the outstanding balance of the Note, plus all contractual interest, attorneys' fees, costs and other items in the Loan Agreement that are recoverable and have accrued; pre-judgment interest; post-judgment interest; and costs of court.

It is further **ORDERED, ADJUDGED, AND DECREED** that due to the event of default on the Note, Defendant may enforce its Deed of Trust against the Property and satisfy the amounts it is owed either through non-judicial foreclosure of the Property as provided in the Deed of Trust and Texas Property Code § 51.002, or, alternatively, through judicial foreclosure based on Defendant's entitlement to judgment as a matter of law on its claim for judicial foreclosure.

It is further **ORDERED, ADJUDGED, AND DECREED** that Defendant may provide a copy of this Order to—and further communicate with—Plaintiff and any or all third parties (including any Sheriff or Constable's office) reasonably necessary to conduct the foreclosure sale of the Property.

Finally, it is further **ORDERED, ADJUDGED, AND DECREED** that any relief not specifically granted in this Order is **DENIED**, and this case is **CLOSED**.

**IT IS SO ORDERED.**

SIGNED this 15 day of May, 2021.

_____
ORLANDO L. GARCIA
Chief United States District Judge